COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-216-CV
 
QUORUM INTERNATIONAL   
                                                        APPELLANT
V.
TARRANT APPRAISAL DISTRICT AND   
                                          APPELLEES
TARRANT APPRAISAL REVIEW BOARD
------------
FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
I. Introduction
Appellant Quorum International sued
Appellees Tarrant Appraisal District and Tarrant Appraisal Review Board
regarding the failure to grant Quorum a freeport exemption for the 1999 tax
year.(1) The trial court dismissed Quorum's suit
for want of jurisdiction, finding that Quorum failed to exhaust its
administrative remedies. In two issues, Quorum claims that it exhausted its
administrative remedies and that in any event a new amendment to the property
tax code bars dismissal of its suit. We will affirm.
II. Background
Facts
The parties entered an "Agreed
Stipulation of Facts" indicating that on January 1, 1999, Quorum owned
business personal property located in Tarrant County, Texas. Quorum's inventory
goods had previously qualified for a freeport exemption, so in January 1999,
Tarrant Appraisal District sent Quorum a letter explaining that a new
application for a freeport exemption was required each year, the new application
must be filed with Tarrant Appraisal District before May 1, and the failure to
file a timely application would result in denial of the freeport exemption.
Along with the letter, Tarrant Appraisal District enclosed a freeport exemption
application.
Quorum failed to timely file its
freeport exemption application, which was due before May 1. Instead, on June 23,
1999, Michael Clarkson of Associated Tax Appraisers, as agent for Quorum,
forwarded Quorum's freeport exemption application to Tarrant Appraisal District
along with the following cover letter:

 Quorum International is a small
 company who in the past has timely filed and been granted a Freeport
 Exemption. Due to an oversight, we didn't file our form in a timely manner.
 Please accept our application which means everything to our bottom line. Thank
 you for your consideration in this matter. Please call if you have any
 questions.

About a week later, Tarrant
Appraisal District notified Associated Tax Appraisers, as agent for Quorum, that
Quorum's application for a 1999 freeport exemption was denied because it was
received on June 25, 1999, past the April 30, 1999 deadline. Associated Tax
Appraisers then sent a notice to the Tarrant Appraisal Review Board protesting
Tarrant Appraisal District's denial of the freeport exemption application for
the tax year 1999.
The Tarrant Appraisal Review Board
held a hearing on Quorum's protest, and Ruth Jones of Associated Tax Appraisers
appeared on behalf of Quorum. The Tarrant Appraisal Review Board issued an order
denying Quorum's protest, and Quorum filed suit in district court.
In district court, Quorum asserted
that Tarrant Appraisal District erroneously failed to treat Mr. Clarkson's June
23, 1999 letter as a request for an extension of time to file the freeport
exemption application. Quorum complained that Clarkson's letter was in reality a
request for an extension of time to file Quorum's application for a freeport
exemption and claimed that the letter set forth good cause, "an
oversight," for Quorum's failure to timely file its application. The
Tarrant Appraisal District filed a plea to the jurisdiction, contending that
Quorum had not exhausted its administrative remedies on the extension issue.
Specifically, Tarrant Appraisal District asserted that an issue must be appealed
to the review board before it can be contested in court and explained that
Quorum had protested only the failure to grant it a freeport exemption, not the
failure to grant it an extension of time to file the freeport exemption
application.
The trial court conducted a hearing
on Tarrant Appraisal District's plea to the jurisdiction and made findings of
fact and conclusions of law. The trial court's conclusions of law included the
following:

 3.     The
 denial of a late application is mandatory. An application that is filed after
 the April 30th deadline is late unless an extension for good cause
 is granted by the chief appraiser.
 . . . .
 5.     The
 chief appraiser is given the sole authority and discretion to grant an
 extension to late exemption applications.
 6.     The
 late submission of an exemption application is not a request for an extension
 of time to submit the application.
 7.     If an
 extension of time for submitting an exemption application is not requested
 from the chief appraiser, an extension cannot be granted.
 8.     The
 failure to obtain a determination of "good cause" from the chief
 appraiser is a failure to exhaust administrative remedies available for
 extending the time line for filing an exemption application.
 9.     The
 Plaintiff's failure to exhaust the administrative remedies available on the
 issue of "good cause" prevents the review of whether "good
 cause" existed for Plaintiff's failure to timely file the exemption
 application.
 10.     . . .
 Plaintiff's failure to timely file the exemption application resulted from
 Plaintiff's conscious disregard.
 . . . .
 12.     The
 "oversight" by Plaintiff's agent, Associated Tax Appraisers, or the
 "misunderstanding" between Plaintiff and its agent, had no relation
 to computer data, computing, or calculation. Further, it was not the result of
 an error in "reasoning" or "judgment." As a result, the
 error does not meet the definition of "clerical error" as set forth
 in Section 1.04(18) of the Texas Property Tax Code. [Citations omitted.]

Based upon these findings and
conclusions, the trial court dismissed Quorum's case for want of jurisdiction.
III. Standard of
Review
Whether a trial court has subject
matter jurisdiction is a question of law, therefore, we review a trial court's
dismissal for want of jurisdiction de novo. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999); Mogayzel
v. Tex. Dep't of Transp., 66 S.W.3d 459, 463 (Tex. App.--Fort Worth 2001,
pet. denied).
IV. Law and
Application to Facts
A. Applicability of
Section 11.439
We first address Quorum's second
issue contending that the 2001 addition of section 11.439 to the property tax
code applies to its appeal. Quorum complains that the district court erred in
dismissing its suit for want of jurisdiction because section 11.439 of the
property tax code, which became effective two years after the Tarrant Appraisal
Review Board upheld the chief appraiser's denial of Quorum's late-filed 1999
application, applies retroactively to require the chief appraiser to accept
Quorum's late application and to make a determination of exemption on the
merits. Appellees contend that section 11.439 is a substantive addition to the
property tax code that cannot be applied retroactively and assert that, in any
event, Quorum failed to present evidence establishing that it met the
requirements of section 11.439.
Section 11.439 provides in
pertinent part:

 (a) The chief appraiser shall
 accept and approve or deny an application for an exemption for freeport goods
 under Section 11.251 after the deadline for filing it has passed if it is
 filed before the date the appraisal review board approves the appraisal
 records.

Tex. Tax Code Ann. § 11.439
(Vernon 2001) (emphasis added).
Property tax code section 41.12
requires the appraisal review board to, among other things, approve the
appraisal records "[b]y July 20." Tex. Tax Code Ann. §
41.12(a)(4) (emphasis added). The statute thus sets a final deadline by which
the records must be approved; it does not, however, prohibit the board from
approving the records before the July 20 deadline. Having reviewed the
record in its entirety, we find that Quorum presented no evidence of the date
that the 1999 appraisal records were approved.
Although it is entirely possible
that the appraisal records had not yet been approved by the time Quorum
submitted its late application, there is no evidence in the record from which we
can make that determination. We cannot look outside the record in an effort to
discover relevant facts omitted by the parties; rather, we are bound to
determine this case on the record as filed. Sabine Offshore Serv., Inc. v.
City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); Dominguez v.
Gilbert, 48 S.W.3d 789, 794 (Tex. App.--Austin 2001, no pet.); Siefkas
v. Siefkas, 902 S.W.2d 72, 74 (Tex. App.--El Paso 1995, no writ); Mitchison
v. Houston ISD, 803 S.W.2d 769, 771 (Tex. App.--Houston [14th
Dist.] 1991, writ denied); Perry v. Kroger Stores, 741 S.W.2d 533, 534
(Tex. App.--Dallas 1987, no writ); Zodiac Corp. v. Gen. Elec. Credit Corp.,
566 S.W.2d 341, 347 (Tex. Civ. App.--Tyler 1978, no writ). Based upon the record
before us, we hold that Quorum failed to present evidence necessary to establish
its entitlement to relief under section 11.439. Therefore, even if Quorum were
to prevail in its argument that section 11.439 is procedural and controls
pending litigation, that section cannot operate to Quorum's benefit in this
case. In light of our holding, we need not address the procedural or substantive
nature of section 11.439. We overrule Quorum's second issue.
B. Exhaustion of
Administrative Remedies
In its first issue, Quorum
complains that the district court erred in dismissing its case because it had
exhausted all of its administrative remedies by properly protesting the denial
of its application for a freeport exemption. Appellees, on the other hand,
contend that Quorum did not exhaust its administrative remedies because Quorum
(1) never requested an extension of time to file its application; (2) did not
present facts showing "good cause" for the late filing; and (3) failed
to raise the issue of the denial of an extension of time to file the application
in its protest before the appraisal review board.
A property owner is entitled to
protest before the appraisal review board any action by the chief appraiser,
appraisal district, or appraisal review board that applies to and adversely
affects the property owner. Tex. Tax Code Ann. § 41.41(a)(9). After filing the
required notice of protest, the property owner is entitled to an opportunity to
appear and present evidence or argument to the appraisal review board. Id.
§§ 41.44, 41.45. If the property owner is aggrieved by the determination of
the appraisal review board following the protest hearing, the property owner is
then entitled to appeal the decision to the district court. Id. §§
42.01(1)(A), 42.21(a). The administrative procedures prescribed for resolution
and appeal of such a protest are exclusive. Id. § 42.09. Thus, to
preserve an issue for appeal to the district court, the property owner must
first raise the issue before the appraisal review board. First Bank of Deer
Park v. Harris County, 804 S.W.2d 588, 592 (Tex. App.--Houston [1st
Dist.] 1991, no writ) (op. on reh'g).
Quorum contends that it exhausted
its administrative remedies by properly protesting the denial of its application
for the freeport exemption before the appraisal review board. However, Quorum
stipulated that it filed the application after the April 30 deadline. On January
1, 1999, the date on which eligibility for the freeport exemption at issue in
this appeal was determined, section 11.43 of the property tax code provided, in
relevant part:

 (d) To receive an exemption the
 eligibility for which is determined by the claimant's qualifications on
 January 1 of the tax year, a person required to claim an exemption must file a
 completed exemption application form before May 1 and must furnish
 the information required by the form . . . . For good cause shown the
 chief appraiser may extend the deadline for filing an exemption
 application by written order for a single period not to exceed 60 days.
 (e) . . . [I]f a person required
 to apply for an exemption in a given year fails to file timely a completed
 application form, the person may not receive the exemption for that year.

Act of May 26, 1997, 75th Leg., R.S.,
ch. 1155, § 2, 1997 Tex. Gen. Laws 4357, 4357 (amended 1999) (current version
at Tex. Tax Code Ann. § 11.43(d) (Vernon 2001)) (emphasis added); Act of May
27, 1991, 72 Leg., R.S., ch. 836, § 6.5, 1991 Tex. Gen. Laws 2890, 2895
(amended 2001) (current version at Tex. Tax Code Ann. § 11.43(e) (Vernon
2001)). Because Quorum's application was admittedly late, the only result Quorum
could expect under the above provisions was denial of its application and loss
of the freeport exemption for that year, unless Quorum obtained an extension of
time from the chief appraiser. Likewise, the only option available to the
appraisal review board under the above provisions was to uphold the denial of
Quorum's application as untimely, unless Quorum asserted to the board
that it was wrongfully denied an extension of the filing deadline after
requesting an extension and showing good cause.
Quorum argues that the cover letter
attached to its late application was a request for extension of time and that
the letter stated good cause for the tardy filing. However, Quorum does not
claim that it presented these assertions at the appraisal review board hearing.
In order to secure judicial review of its present complaint that denial of the
application was improper because it requested and showed good cause for an
extension, Quorum needed to make this assertion to the Tarrant Appraisal Review
Board. Because Quorum did not submit these issues to the board, we hold that
Quorum failed to exhaust its administrative remedies and is not entitled to
judicial review of the issue of the alleged request for an extension of time. See
First Bank of Deer Park, 804 S.W.2d at 592 (holding that bank failed to
exhaust its administrative remedies and was precluded from challenging ownership
of stock in the trial court because the sole reason stated in bank's notice of
protest letter was that the tax levied on the stock was unconstitutional).
Accordingly, we overrule Quorum's first issue.
V. Conclusion
Having overruled both of Quorum's
issues, we affirm the district court's judgment dismissing Quorum's suit for
want of jurisdiction.
 
  
                                                        SUE
WALKER
  
                                                        JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and
WALKER, JJ.
 
DELIVERED: June 26, 2003

1. Quorum also filed suit against the Tarrant Appraisal
Review Board for refusing to correct the tax rolls to reflect Quorum's freeport
exemption for 1999. That suit was consolidated with the present suit, but is
otherwise not pertinent to this appeal.