NO. 07-04-0020-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 11, 2005
_____

O & G MANAGEMENT, LTD., McCLELLAND CREEK PROPERTIES, INC.,
D.L. PORTER, JANICE PORTER, RALPH R. HIPKINS
and KATHLEEN HIPKINS,

Appellants

v.

DAN HIPKINS,

Appellee
_____

FROM THE 223rd DISTRICT COURT OF GRAY COUNTY;

NO. 31,237; HON. H. BRYAN POFF, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and REAVIS, J.[1]

O & G Management, Ltd., McClelland Creek Properties, Inc., D.L. Porter, Janice
Porter, Ralph R. Hipkins, and Kathleen Hipkins (collectively referred to as O&G) appeal
from a judgment awarding Dan Hipkins (Hipkins) recovery against them.[2] O&G's sole

---

[1]Ex-Chief Justice Philip Johnson originally sat on the panel that heard oral argument on this case. However, he did not participate in this opinion.

[2]The recovery consisted of $60,000 in damages and a 33% interest in O & G Management, Ltd.

issue, which contains several subparts, concerns the authority of the trial court to enter a judgment that allegedly contradicted the jury's verdict. The reporter's record before us is partial in scope. O&G merely requested the reporter to transcribe that portion of the trial concerning "the [trial] court's receipt of the jury verdict, and the polling of the jury, if any." That and the clerk's record, posits O&G, illustrate that the trial court 1) failed to setoff against the jury award to Hipkins a sum of $560,000, and 2) improperly found O & G Management and McClelland Creek jointly and severally liable to Hipkins though the issue of their liability was omitted from the jury charge. We overrule each issue and affirm the judgment.

### Setoff

We address the matter of the alleged setoff first. According to O&G, it was entitled to same because the jury found, via its answer to issue 22 of the charge, that Kathleen Hipkins had "made" distributions "to or on behalf of . . . Hipkins, Cathy Burrell, and their heirs" of $560,000.[3] So, that amount should have been offset against not only the $60,000 in damages the jury determined Hipkins had suffered but also the 33% interest in O & G Management, Ltd. it gave him, the argument goes. We disagree for several reasons.

First, assuming that the $60,000 award to Hipkins was subject to setoff, we are left to wonder what amount to offset against it. As revealed by the wording of issue 22, the jury was asked to determine the amount of distributions made to three or more people, *i.e.* Hipkins, Cathy Burrell *and* their heirs, not simply to Hipkins. Furthermore, in concluding

---

[3]The question read: "Find from a preponderance of the evidence the amount of distributions derived from their ownership interest in O & G Companies, if any, made by Kathleen Hipkins, to or on behalf of Dan Hipkins, Cathy Burrell, and their heirs." The jury replied: "$560,000." Furthermore, the "O & G Companies" consisted of "O & G Management, Ltd. and McClelland Creek Properties, Inc."

2

that $560,000 had been distributed, the factfinder did not designate who received what portion of that sum. Nor was it asked to. So, we have no idea what portion, if any, was paid to Hipkins. Arguably none, some, most, or all could have been allotted to Cathy and the heirs while, none, some, most, or all could have been delivered to Hipkins. Simply put, we do not know, and the partial record before us does not address the topic. And, this is fatal to O&G since it had the burden to provide us with a record sufficient to establish its claim of reversible error. *Dominguez v. Gilbert,* 48 S.W.3d 789, 794 (Tex. App.–Austin 2001, no pet.) (holding that the appellant has the burden to provide the appellate court with a record sufficient to establish reversible error).

Second, setoff connotes competing liabilities. That is, each party must have an existing debt or claim against the other which may be setoff. *See Sommers v. Concepcion*, 20 S.W.3d 27, 35 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) (stating that the right of setoff allows entities "that owe each other money to apply their debts to each other"). Logic therefore dictates that if a party has no claim or debt against the other, then he has nothing to offset. And, that appears to be the circumstance here, in view of the wording of jury question 22. Again, the trial court asked the jury to determine the amount of distributions that had been "made" by Kathleen. The jury was not asked to decide what amount of money was due Kathleen or any other defendant *from* Hipkins. Nor did it find that Hipkins owed the $560,000 to anyone. Similarly absent is any contention on appeal that O&G had some debt or claim due from Hipkins. In view of this, we see no opposing debts with which to offset against each other.

### *No Liability Finding*

Next, O&G contends that the trial court could not have held O & G Management and McClelland Creek jointly and severally liable to Hipkins since no liability issue submitted to the jury included a reference to either entity. We overrule the issue.

A trial court need not submit to a jury non-disputed factual matter. *Star Enterprise v. Marze,* 61 S.W.3d 449, 459 (Tex. App.–San Antonio 2001, pet. denied). Here, O&G does not assert in its brief that the liability of O & G Management and McClelland Creek was subject to factual dispute. Moreover, the partial reporter's record requested by O&G and provided us does not address this matter one way or the other.[4] So, without illustrating that the topic was subject to factual dispute, we cannot say that the trial court was obligated to first submit a liability issue addressing the responsibility of either entity before holding each entity liable in its judgment. In short, O&G failed to carry its burden of establishing that the trial court committed reversible error.

Accordingly, we affirm the judgment.

Brian Quinn
Chief Justice

---

[4]According to Texas Rule of Appellate Procedure 34.6(c), we "must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues . . . ." TEX. R. APP. P. 34.6(c)(4). Since O&G secured only an abbreviated reporter's record, per appellate rule 34.6(c), we must presume that the portion supplied was all that addressed the question of whether issues of fact existed regarding the liability of O & G Management as well as McClelland Creek.