# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00528-CV

---

**Breanna Vaclavik, Appellant**

**v.**

**Dan Di Addison, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-19-005989, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Dan Di Addison filed a suit for eviction in justice court against Breanna Vaclavik. The justice court rendered judgment ordering Vaclavik to be evicted and Addison to recover costs of suit, and Vaclavik appealed to the county court. After both parties appeared pro se for trial, the county court rendered judgment ordering Vaclavik to vacate the premises and awarding Addison $750. Vaclavik, acting pro se, appeals from the county court's judgment. We affirm.

Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.); *Davis v. American Express Bank*, No. 03-12-00564-CV, 2014 WL 4414826, at *3 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.). Holding Vaclavik to this standard—

although construing Vaclavik's briefing liberally and attempting to discern and comprehend the appellate issues as best we can[1]—we conclude that Vaclavik has failed to raise substantive arguments or to support her position on those issues with citations to legal authorities and the record. *See* Tex. R. App. P. 38.1(i) (requiring "argument for the contentions made, with appropriate citations to authorities and to the record"); *McKinnon*, 2018 WL 3849399, at *2 (collecting authorities and concluding that issues were waived by inadequate briefing); *Briggs v. Bank of Am., N.A.*, No. 04-16-00087-CV, 2017 WL 685764, at *2 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.) ("When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review.").

Moreover, even assuming that Vaclavik's issues were not waived and could be raised in this appeal, an evaluation of many of these issues—to the extent that we understand them—generally depends on the evidence presented at trial. As the appellant, Vaclavik had the burden to bring forward a sufficient record to show error by the trial court. *See Dominguez v. Gilbert*, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.) ("The appellant usually bears the burden of presenting a trial court record that is sufficient to show reversible error."). The Clerk of this Court sent notice to Vaclavik that the reporter's record was overdue and that the Court would consider the appeal without the reporter's record if Vaclavik did not provide written verification of having made payment arrangements for the reporter's record. To date, Vaclavik has not provided any response or written verification. "Without a reporter's record we do not

---

[1] In her brief, Vaclavik appears to list the following appellate issues: "I'd met excusable neglect," "Impossibility of Performance," "Illness," "Coronavirus COVID-19 Pandemic," "Null and Void Contract," and "Frustration of Purpose." She also asserts "Fraudulent Misrepresentation"; "LIBEL, DEFAMATION, ASSAULT"; and "failure to due process."

2

know what, if any, evidence was presented to the trial court." *Caldwell v. Goodfellow Caldwell*, No. 03-10-00292-CV, 2012 WL 5476848, at *2 (Tex. App.—Austin Nov. 8, 2012, pet. denied) (mem. op.) (quoting *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.)). In the absence of a reporter's record, we must presume that the evidence supported the judgment. *Id.* (citing *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991)).

Accordingly, we overrule Vaclavik's issues on appeal and affirm the county court's judgment.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:   April 30, 2021

3