# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00097-CV

---

**Marvin-Levoid Goss, Appellant**

**v.**

**Joseph A. Alvesteffer, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY**
**NO. 21CCV91490, THE HONORABLE JEANNE PARKER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Marvin-Levoid Goss appeals from the county court's judgment in a forcible entry and detainer suit awarding possession of real property and back rent to Joseph A. Alvesteffer. *See generally* Tex. Prop. Code §§ 24.001–.011 (addressing cause of action for forcible entry and detainer). We affirm.

## BACKGROUND

Alvesteffer owns a rental property in Killeen. In April of 2021, Goss and Alvesteffer executed a residential lease agreement under which Goss agreed to pay $1,300 per month. The lease provided that rent was due on the first day of each month and that failure to pay rent by the seventh day could result in eviction.

When Goss failed to pay the monthly rent by October 7, 2021, Alvesteffer sent Goss a notice of eviction. On October 26, 2021, Alvesteffer filed a forcible detainer action in the

justice court seeking to evict Goss. The justice court awarded Alvesteffer possession of the property, $1,300 in back rent, and court costs. Goss appealed the justice court's judgment to the county court at law. *See* Tex. R. Civ. P. 509.8(a) (governing de novo appeal to county court).

The county court signed a default judgment in favor of Alvesteffer but subsequently withdrew it and set the case for a bench trial. Both parties appeared at the trial and represented themselves. The county court heard testimony from Alvesteffer's wife, Gina, and admitted documentary evidence from both parties. The county court subsequently rendered judgment in favor of Alvesteffer, awarding him possession of the property, back rent of $5,200, and court costs. This appeal ensued.[1]

## DISCUSSION

Goss has filed a pro se brief challenging the county court's judgment in fifteen issues.[2] The arguments are difficult to discern, and he generally fails to present substantive

---

[1] Alvesteffer has not filed a brief in this Court.

[2] The record reflects that Goss vacated the property ahead of the execution of a writ of possession on January 20, 2022. That raises the question of whether the possession portion of this dispute has become moot. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) (explaining that Texas courts lack jurisdiction to decide moot cases). "In a forcible-detainer case, the issue of possession becomes moot when the appellant ceases to have actual possession of the property, unless the appellant asserts a potentially meritorious claim of right to current, actual possession of the premises." *Allen-Mercer v. Roscoe Props.*, No. 03-15-00674-CV, 2016 WL 4506294, at *2 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.) (citing *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006)). Even if the issue of possession has become moot, there is still a live controversy with respect to the trial court's award of damages. *See id.* (concluding that while issue of possession was moot, live controversy remained regarding appellant's challenge to award of damages and attorney's fees); *Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied) (same).

arguments or cite to relevant authorities.[3] *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Although pro se litigants must comply with all rules applicable to licensed attorneys, *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005), we construe pro se filings "liberally and with patience 'so as to obtain a just, fair and equitable adjudication of the parties' rights,'" *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.) (quoting *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.)). In the interest of justice, we will address Goss's issues to the extent we are able to ascertain his arguments. *See Onkst v. Onkst*, No. 03-15-00636-CV, 2017 WL 2628245, at *2 (Tex. App.—Austin June 16, 2017, no pet.) (mem. op.) (deciding to address "'pro se issues as best we can' in the interest of justice" (citing *Forbes v. Forbes*, Nos. 03-15-00130-CV, 03-15-00337-CV, 2016 WL 612175, at *4 (Tex. App.—Austin Feb. 12, 2016, no pet.) (mem. op.))).

Reading Goss's brief liberally, he asserts that (1) Alvesteffer failed to give Goss seven days to respond to the notice to vacate before filing suit, (2) Alvesteffer evicted him for unpaid rent even though Alvesteffer had agreed to accept less rent that month, (3) Alvesteffer

---

[3] For example, Goss argues in his first and eleventh issues that the trial judge participated in ex parte communications in violation of 28 C.F.R. § 76.15 (2023). That regulation applies in a proceeding under federal law to assess a civil penalty relating to the possession of controlled substances. *See generally id.* § 76.3 (2023). Goss does not explain the relevance of that regulation here. His third issues asks: "Does Court allow affidavit of government agent as witness? 10 U.S. Code 1044a(B)(d) Authority to act as notary." That statute pertains to legal assistance that the Secretary of Defense may provide to certain military personnel. *See generally* 10 U.S.C. § 1044 (2022).

defamed him by calling him a sovereign citizen, and (4) the county court's default judgment was defective.[4]

Goss argues in his first issue that he was statutorily entitled to seven days "to respond to [the] notice to vacate." He cites Section 92.0561 of the Property Code, which addresses the circumstances under which a tenant may repair or remedy a condition after giving notice to the landlord. As relevant here, a tenant may repair or remedy a condition that would affect the ordinary tenant's health if the landlord does not respond to the notice in seven days. *See* Tex. Prop. Code § 92.0561(a), (e)(4). The statute does not address notices to vacate. *See generally id.* § 92.0561. We overrule Goss's first issue.

Next, Goss argues Alvesteffer could not evict him for unpaid rent because they had agreed that Alvesteffer would accept less than the full amount of rent due for September because of delays in fixing the air conditioning in the residence. The county court admitted a document titled "Remediation" reflecting that the parties agreed that $750 in rent was due for September 2021. The notice to vacate, however, states that Goss failed to pay the rent due for October and then states that Goss violated other terms of the lease, including by allowing others to live on the property without permission. Goss does not dispute the nonpayment of rent or the other alleged lease violations in his brief. We reject Goss's argument that Alvesteffer violated the lease and overrule Goss's second issue.

Goss argues in his third issue that Alvesteffer defamed him by asserting at trial that Goss is a "sovereign citizen." Whether Alvesteffer defamed Goss by characterizing him as a

---

[4] As recompense for these harms, Goss asks us to order appellees to pay him "One Million dollars by postal money order or silver troy ounce per the going rate per ounce and kilogram."

4

sovereign citizen is not relevant because Goss did not bring a defamation claim in this case. We overrule Goss's third issue.

Goss argues in his final issue that the county court erred by signing a default judgment when he was not present. The county court signed a default judgment on December 9, 2021 and vacated it by order on December 16, 2021. Goss subsequently appeared at the bench trial, where he argued and presented evidence. Goss has not explained how the issuance of the vacated default judgment warrants reversal of the judgment rendered after a subsequent trial in which Goss participated. *See Vaclavik v. Addison*, No. 03-19-00528-CV, 2021 WL 1704249, at *1 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem op.) ("The appellant usually bears the burden of presenting a trial court record that is sufficient to show reversible error." (citing *Dominguez v. Gilbert*, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.))). We overrule Goss's fourth issue.

## CONCLUSION

We affirm the county court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Theofanis, and Jones*

Affirmed

Filed:   June 8, 2023

* Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

5