**Affirmed and Majority and Concurring Opinions filed August 21, 2025.**



**In The**

# Fifteenth Court of Appeals

## NO. 15-24-00081-CV

**CITY OF DALLAS, Appellant**

**V.**

**KEN PAXTON, ATTORNEY GENERAL OF TEXAS, AND THE DALLAS MORNING NEWS, INC., Appellees**

**On Appeal from the 353rd District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-002331**

## CONCURRING OPINION

Suits to compel or prevent disclosure under the Public Information Act (PIA) must often be filed by or against the Attorney General or a state agency in Travis County.[1] Upon creation of this Court, we inherited that docket of appeals as part of our exclusive jurisdiction.[2] The Court's opinion sets an unfortunate early precedent

---

[1]    *See, e.g.*, TEX. GOV'T CODE §§ 552.321(b), -.3215(d), -.324(a).

[2]    *See id*. § 22.220(d)(1).

by engrafting a new "name-the-plaintiff" requirement to access the Act's litigation exception, one not found in its text and that will often be impossible to meet.

Nevertheless, I concur in the Court's judgment after reviewing the disputed documents. Whether government records may be withheld should focus whenever possible on the *records*, not drafting defects in a letter seeking to withhold them. Judicial review is limited to exceptions "properly raised" in a request for a letter ruling from the Office of the Attorney (OAG).[3] But the City of Dallas raised the litigation exception here—by name and by statutory citation. The use of "properly" is not a license for courts to require specifics in a letter request that the text of the Act does not state. Including the names of an opposing litigant may make review easier for OAG and judges, but that is not a rule of statutory construction. I concur in the Court's judgment requiring disclosure, but not its opinion.

## I. An adequate record is required

The Act allows in camera review of documents if "necessary for the adjudication of the case."[4] As with other privileges, reviewing the documents is often necessary and sometimes sufficient to decide whether an exception to disclosure applies.[5] It is undisputed that the documents here were provided to the trial court for

---

[3]    *Id.* § 552.326(a).

[4]    *Id.* § 552.3221(a) ("In a suit filed under this chapter, the information at issue may be filed with the court for in camera inspection as is necessary for the adjudication of the case.").

[5]    *See, e.g.*, *Diamond Offshore Servs. Ltd. v. Williams*, 542 S.W.3d 539, 542 (Tex. 2018) ("[E]xcept in rare circumstances not present here, when the admissibility of a video is at issue, the proper exercise of discretion requires the trial court to actually view video evidence before ruling on its admissibility."); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 286 & n.15 (Tex. 2016) (requiring in camera inspection on whether medical peer review privilege applied); *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex. 1988) ("In the absence of any additional evidence to support the claimed privilege, [the appellate] court must review the documents themselves to determine if they clearly support the privilege as a matter of law."); *Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986) ("When, however, the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege."); *Arkla, Inc. v. Harris*, 846

in camera review. But they were not provided to this Court, at least not initially.

The Act expressly states that documents filed in camera "*shall be … transmitted by the clerk to any court of appeal as part of the clerk's record.*"[6] In this Court's short history, that has yet to consistently happen.[7] We did not receive the in camera documents here until we specifically requested them. Filing, storing, and forwarding sealed documents adds work, but compliance is not optional; litigants and court clerks must give attention to and comply with this requirement.

## II. An opposing party's name is not required

The Court holds that the City of Dallas waived the litigation exception here by failing to mention Daryl Baker by name as the anticipated litigant in its request for a letter ruling. *Opinion* at *2, 8, 9, 14, 15, 16, 18, 20, 21. I disagree for three reasons: (1) the Act does not require it; (2) it will often be impossible; and (3) it was included here anyway.

*First*, nothing in Section 552.103 requires an opposing litigant to be named. The litigation exception applies "only if the litigation is pending or reasonably anticipated" when disclosure is requested.[8] Pending litigation can be easily identified by court and cause number, imminent litigation by describing the anticipated suit. Listing names would be helpful in either case, but it is not absolutely necessary to identify cases that are pending or imminent. And the PIA does not require it.

*Second*, litigation can often be reasonably anticipated without knowing who

---

S.W.2d 623, 631 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("[T]he documents themselves may constitute the only, and certainly the best, evidence substantiating the claim of privilege.").

[6]     TEX. GOV'T CODE § 552.3221(c)(3) (emphasis added).

[7]     The Third Court of Appeals occasionally had this problem. *See Dominguez v. Gilbert*, 48 S.W.3d 789, 794–95 (Tex. App.—Austin 2001, no pet.) (reversing order denying production of records that were never filed to the appellate court).

[8]     TEX. GOV'T CODE § 552.103(c).

will file it. Challenges to government rules, environmental regulations, construction projects, disaster responses, election procedures, zoning changes, city ordinances, and so forth may be anticipated from segments of the public that are too broad or diffuse to name. Again, names may be helpful, but litigation is often likely (and sometimes is certain) despite not knowing any plaintiff's name.

*Third*, this is a poor case to impose such a rule because *everyone* here—including OAG and the Dallas Morning News—*knew* Baker's name and that his formal complaint to HUD was the source of this records request. The News's open records request to OAG (attached as "Exhibit A" to its plea in intervention) sought selected documents produced in response to a HUD letter requesting them from the City. The first line of HUD's letter stated the subject of the request: "Subject: *Baker v. City of Dallas and The City of Dallas Housing Finance Corporation*" (italics in original). The City attached both to its letter to OAG, as neither could be understood without the other. Any reasonable reader skimming the News's request or the City's letter to OAG *knew* or *should have known* that the City anticipated litigation with Mr. Baker.[9]

There may be cases where knowing the name of a potential litigant is required for OAG to analyze whether the litigation exception applies. But it is unwise to address that question here when everybody knew it.

### III. Waiver is not required by disclosure to HUD

The single reason OAG gave for rejecting the City's litigation exemption claim was that the City had already provided the requested documents to HUD.[10]

---

[9] Daryl Baker's first name and his formal complaint were included in the summary judgment record, but it is unclear whether either was included in the City's letter request or in camera documents submitted to OAG.

[10] Tex. Att'y Gen. OR2023-12762, at 4 ("You state the remaining information relates to the anticipated litigation. Upon review, however, we find HUD, the party with whom the city

4

The summary judgment motions by both OAG and the News submitted a single paragraph asserting this single basis judgment.[11]

But OAG soon had to abandon that argument. The City's own motion for summary judgment listed previous OAG open records decisions holding that a blanket waiver of the litigation exception occurs only if the information is disclosed to *all* parties to the litigation, not just one.[12] OAG's response conceded that "a governmental body may still retain a legitimate litigation interest once the governmental body discloses the information at issue to one party, but not another," and "that the City of Dallas would retain its litigation interest in protecting disclosure of the information at issue if the City of Dallas disclosed the information to HUD, but not to the other anticipated litigant, Darryl Baker." No one disputes the City's proof that the documents here have "not been disclosed to Darryl Baker, the complainant in the HUD investigation." The disclosure to HUD did not waive the City's litigation exception.

To skirt that difficulty, the News suggested and the Court adopts a new line of argument—that the City waived the exception because its letter to OAG mentioned only "the current litigation against HUD" and failed to mention litigation with Baker, *Opinion at *14, *16* (citing TEX. GOV'T CODE § 552.326). But that is simply not true. The City's letter mentioned litigation "*involving* the City," but stated only that HUD was involved in an *investigation* relating to the City:

---

anticipates litigation, received all of the information at issue.").

[11]     *See* DMN MSJ at 4 ("[A]ll of the requested information at issue in this case was provided to HUD"); OAG MSJ at 10 ("The City cannot withhold documents in response to a PIA request when it already gave HUD the information at issue.").

[12]     *See, e.g.*, Tex. Att'y Gen. ORD-551 (1990) ("[T]he litigation exception may no longer be claimed with respect to a particular lawsuit once *all* parties to the litigation have inspected the information pursuant to discovery." (emphasis added)); Tex. Att'y Gen. ORD-454 (1986).

> The requested information is central to active *litigation* involving the City. An *investigation* involving Housing & Urban Development ("HUD") relating to the city approval of Low Income Housing tax Credit ("LIHTC") projects is still ongoing.

Read as a whole, the City's letter never claimed a litigation exception in the context of litigating *with HUD*.

Nor could anyone who reads the Fair Housing Act have thought otherwise. The Act's relevant section for claims, § 3610, was cited in the City's letter to OAG, in OAG's response, and in the Court's opinion. *Opinion at *5–6, *9*. But § 3610 authorizes HUD to file administrative or judicial complaints *solely* "on behalf of the aggrieved person," not on its own account.[13] That means the "opposing party" in potential litigation under that Act was Baker, not HUD—and "the City never produced the information to Baker." *Opinion* at *13.[14]

Besides adding requirements to the statute and misstating what the City's letter said, the Court's opinion misses the purpose behind the litigation exception. It is not to protect legal advice or work product; the "other law" exception in Section 552.022(a) prevents disclosure of those.[15] The litigation exception instead separates the powers and functions of the Executive Branch (which decides disclosure issues administratively) from the powers and functions of the Judicial branch (which decides disclosure issues in litigation and discovery). The purpose of Section 552.103 is to prevent the use of open records requests to avoid the rules of discovery

---

[13] *See* 42 U.S.C. § 3610(g)(2)(A).

[14] The News points out that federal law requires HUD to "make available to the aggrieved person … information derived from an investigation and any final investigative report relating to that investigation." 42 U.S.C. § 3610(d)(2). But as the City counters, that requirement arises "following completion of the [HUD's] investigation." *Id*. Nothing in the record indicates that HUD has completed its investigation.

[15] *See In re City of Georgetown*, 53 S.W.3d 328, 334 (Tex. 2001).

6

in litigation.[16] If Baker were to sue the City and request the documents at issue here, a court would have to approve it; he could not avoid the discovery rules by filing a PIA request. That HUD obtained documents here administratively does not mean the City waived the litigation exception as to an anticipated lawsuit by Baker.

## IV.  An adequate explanation is required

While I disagree with the Court's opinion, I concur in its judgment on the more general ground that the City did not supply "the Attorney General with enough factual detail to make an informed decision about whether the information can lawfully be withheld." *Opinion*, at *19. The Act did not require the City to state the name of the potential opposing party, but it did require that the City provide "written comments stating the reasons why the stated exceptions apply."[17]

The City's letter to ORD stated only two reasons: the requested information (1) "consists of internal communications and City records regarding the events relevant to the lawsuit and allegations raised against the city," and (2) was "of the kind that would be properly sought in discovery during litigation and has not been obtained by the opposing party to the litigation." Reading that carefully, it could be used for every claim for a litigation exception without changing a single word. Nothing in the stated reasons explains why *these* specific documents had anything to do with Baker or related to his potential claim. A generic "explanation" that says so little explains nothing.

Sometimes, the relevance of requested information to litigation may be obvious from the face of the documents themselves. But that is not the case here. The bulk of them consist of analyses by City staff of 134 projects using HUD's "Fair

---

[16]     *See Thomas v. Cornyn*, 71 S.W.3d 473, 487 (Tex. App.—Austin 2002, no pet.); *accord Cornyn v. City of Garland*, 994 S.W.2d 258, 265 (Tex. App.—Austin 1999, no pet.).

[17]     TEX. GOV'T CODE § 552.301(e)(1)(A).

Housing Assessment Tool" to judge the pros and cons of each project. OAG adequately summarized them simply as "working papers" containing "information used to estimate the need for or expenditure of public funds or taxes." They bear none of the hallmarks of a litigation file, do not mention Daryl Baker, and do not explain how the 134 projects might affect his claim. Because nothing on the face of the records connects them to litigation with Baker, the City did not carry its burden to state reasons merely by submitting the documents to OAG.

## Conclusion

The litigation exception in the Public Information Act does not require government agencies to predict who will sue them. I would not add such a requirement since the Act does not state it. But the Act requires government agencies to explain why requested information falls within that exception when it is not obvious from the face of documents themselves. The documents here seem to represent precisely the kind of "working papers" that HUD requires housing agencies to prepare before approving low-income housing projects or financing. Because the City never explained why the News's request reflected a subversion of the courts' role to oversee discovery in litigation, I join the Court in affirming the trial court's judgment.

/s/ Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

8