# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00467-CV

**Benjamin Wetmore, Appellant**

**v.**

**Steve Bresnen, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-15-002332, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, Benjamin Wetmore—a nonparty to the underlying suit—challenges the trial court's denial of his Texas Citizens Participation Act (TCPA) motion to dismiss both Steve Bresnen's postjudgment subpoena to depose Wetmore and a related motion to compel and for sanctions. *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011; *see also id.* § 51.014(a)(12) (providing for interlocutory appeal from denial of TCPA motion). For the reasons stated below, we affirm.

## I.  BACKGROUND

This interlocutory appeal arises out of an underlying lawsuit between Bresnen and the American Phoenix Foundation, Inc. (APF), a Texas nonprofit corporation. On May 26, 2015, Bresnen sent a letter to APF requesting to inspect its financial records under sections 22.352 and 22.353 of the Texas Business Organizations Code. *See* Tex. Bus. Org. Code §§ 22.352 (Financial

Records and Annual Reports), .353 (Availability of Financial Information for Public Inspection). After APF declined the request, Bresnen sued in Travis County district court seeking both a writ of mandamus requiring APF to comply with Bresnen's request and temporary injunctive relief requiring APF to maintain the records in proper form. Wetmore was originally APF's attorney of record, but in June 2016 he moved to withdraw because of "ethical considerations" and APF's previously stated desire to terminate representation. The district court granted the withdrawal request in December 2016. Bresnen then applied for the court to enter an order appointing a receiver for APF.

On January 4, 2017, APF filed a certificate of termination with the secretary of state to wind up the entity. Three days later, the district court entered a default judgment, noting that APF "appeared by and through its custodian of records, Joseph Basel"—APF's CEO—but "did not appear by counsel and wholly made default." The district court awarded a writ of mandamus directing Basel, as custodian of APF's records, to produce specified financial records and a financial report to Bresnen. The district court then appointed Dan Shelley as receiver to take possession of certain designated APF business records and "to perform such actions with respect to the claims in this action as may be permitted by law for terminated not-for-profit corporations."

In early February 2018, Bresnen served Wetmore with a subpoena and deposition notice. Wetmore responded with a motion to quash and Bresnen, in turn, responded with a motion to compel the deposition. In his motion to compel, Bresnen alleged that Wetmore and Basel "withdrew several hundred thousand dollars from [APF's] bank account" in 2015 through 2016 and "paid that money to themselves and companies they control," but that "there are no invoices, receipts, payment records, accounting files or any other documentation to support these payments."

2

Because the records at the time of the transaction were maintained at "Wetmore's personal residence," according to Bresnen, he sought "to take the deposition of Mr. Wetmore in aid of the Court's January, 2017 judgment which commanded that those records be provided to Plaintiff."

On February 21, the district court entered an order that Wetmore show cause on March 7 that he provided Shelley with the required information. After the show cause hearing, the district court signed an order granting the motion to compel and ordering that Wetmore appear for a deposition on March 12. Wetmore did not attend the March 12 deposition and instead filed a notice of appeal from the order to compel the deposition, which we later dismissed for want of prosecution.[1] *See Wetmore v. Bresnen*, No. 03-18-00158-CV, 2018 WL 3078892, at *1 (Tex. App.—Austin June 22, 2018, no pet.) (mem. op.).

After Wetmore missed the deposition, Bresnen filed a motion to enforce the deposition order and for contempt. After a hearing, the trial court issued a show cause notice requiring Wetmore to appear and demonstrate why he should not be held in contempt for failing to appear for his deposition. After the show cause hearing, the district court signed an order of discovery sanctions against Wetmore in the amount of $1,288.70 for failing to appear for the deposition and ordered Wetmore to attend and give deposition testimony on April 3. On April 3, Wetmore appeared for a deposition and notified counsel that he was represented by an attorney who desired to appear by telephone. On April 5, Bresnen filed another motion to compel and for

---

[1] Wetmore also filed an emergency motion for a temporary stay of "the deposition in this case and any enforcement pursuant to that deposition" in an original proceeding to this Court, which we denied. *See In re Wetmore*, No. 03-18-00192-CV, 2018 WL 1633305, at *1 (Tex. App.—Austin Mar. 30, 2018, orig. proceeding) (mem. op.).

sanctions, complaining that Wetmore's attorney admitted he was not authorized to practice in Texas, provided argumentative objections during the deposition, and instructed Wetmore not to answer questions in bad faith.

On April 10, Wetmore filed a motion to dismiss under the TCPA as a "non-party subpoenaed witness and former counsel to Defendant" APF. In his TCPA motion, Wetmore raised standing issues; complained that the district court was "issu[ing] illegal orders compelling **post-judgment** discovery on matters unrelated to his underlying case . . . under threat of contempt and jail"; asserted that Bresnen's "recent efforts to compel the testimony of Mr. Wetmore expose [Bresnen]'s attempt to hijack the court as his own tool of discovery abuse"; and requested "dismissal of [Bresnen]'s case" under the TCPA. Wetmore asserted that because he had "established by a preponderance of the evidence that [Bresnen]'s suit and illegal attempts to compel deposition testimony relate to [APF]'s (and by extension, Mr. Wetmore's) exercise of his first amendment rights . . . the burden shifts" to Bresnen under the TCPA to establish each essential element of the claims in question, which Bresnen cannot do because "his remedy has already been achieved by having been granted a default judgment."

Bresnen filed special exceptions to Wetmore's motion, asserting that "Wetmore's motion to dismiss, however, fails to specify how Bresnen's motion [to compel and for sanctions] affects his 'exercise' of any of the rights protected by that statute" and that the application of the TCPA "in this context is unconstitutional because it would deprive this Court of its inherent authority to enforce its own orders." After a hearing, the district court sustained Bresnen's special exceptions and denied Wetmore's motion to dismiss, concluding that "Wetmore's motion fails to

4

identify any 'legal action' by Bresnen that is based on Wetmore's exercise of rights protected by [the TCPA]" and "[a]s a matter of law, [the TCPA] does not provide Wetmore with a remedy because the Legislature cannot enact legislation that would interfere with this Court's inherent authority to enforce its own orders." Wetmore now appeals this order denying his TCPA motion.

## II. DISCUSSION

In this interlocutory appeal, Wetmore raises seven issues. In his first issue, Wetmore argues that the trial court improperly denied the TCPA motion. In his second through fourth issues, Wetmore raises jurisdictional issues, challenging the existence of the statutory cause of action and Bresnen's standing in the underlying suit against APF. In his fifth through seventh issues, Wetmore raises constitutional and preemption challenges to the statutory provisions of the Texas Business Organizations Code that serve as the basis of the underlying suit. We first address Wetmore's TCPA issue and then turn to the jurisdictional issues, which we construe as a collateral attack on the final judgment in the underlying suit. Finally, we address Wetmore's constitutional and preemption issues. Overruling all of Wetmore's issues, we affirm.

### A. The TCPA Issue

#### 1. The TCPA Generally

The TCPA provides a procedure for expeditiously dismissing a nonmeritorious "legal action" that "is based on, relates to, or is in response to" the moving party's exercise of three statutorily defined rights: the right of association, the right of free speech, and the right to petition (the TCPA Rights). *See* Tex. Civ. Prac. & Rem. Code § 27.005(b); *Hersh v. Tatum*, 526 S.W.3d 462,

5

463 (Tex. 2017). "Legal action" is defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." Tex. Civ. Prac. & Rem. Code § 27.001(6). The exercise of the TCPA Rights are also broadly defined by statute, and each requires a "communication" which "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1)–(4).

The express purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury" and it "shall be construed liberally to effectuate its purpose and intent fully." *Id.* §§ 27.002, .011. To that end, "the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam) (citing Tex. Civ. Prac. & Rem. Code § 27.003; *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding)). First, the party moving for dismissal pursuant to the TCPA bears the burden to show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to" the moving party's exercise of its TCPA Rights. Tex. Civ. Prac. & Rem. Code § 27.005(b). Second, "[o]nce a movant meets her burden to prove that the [TCPA] applies, the burden shifts to the nonmovant to establish by 'clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Hersh*, 526 S.W.3d at 468

6

(quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)). If the nonmovant meets this burden, then the court may not dismiss the legal action. Tex. Civ. Prac. & Rem. Code § 27.005(c).

"[W]e review de novo whether each party has met its respective burden under the [TCPA]'s two-step dismissal mechanism." *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 873 (Tex. App.—Austin 2018, pet. filed) (citing *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.)). In determining whether a legal action should be dismissed, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations" and "[w]hen it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more." *Hersh*, 526 S.W.3d at 468.

## 2. The TCPA Applied

In his first issue, Wetmore argues that he met his initial TCPA burden. Bresnen responds that Wetmore did not meet his burden because Wetmore's TCPA motion to dismiss "failed to identify a 'legal action' that was based on the 'exercise' of any rights protected by the [TCPA]." Bresnen also argues that the TCPA cannot apply to motions for postjudgment discovery because "such a construction would allow the legislature to usurp the inherent power of the judiciary to enforce their own orders" in violation of the Texas Constitution. Because we conclude that Wetmore did not meet his initial burden, however, we do not reach Bresnen's constitutional argument.

To determine whether Wetmore met his initial burden, we first must inquire into what "legal action" Wetmore sought to dismiss. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001(6) (defining

7

"legal action"), .005(b) (providing for dismissal of "a legal action against the moving party"). Wetmore's TCPA motion did not identify what he considered the "legal action" to be dismissed. Instead, he asserted that he "is entitled to dismissal of Plaintiff's case pursuant to the [TCPA]" and "dismissal of this action and all related actions against him, with prejudice." Although Wetmore did not identify legal actions in his TCPA motion, Wetmore now identifies in his briefing before this Court two potential "legal action[s]" from which the TCPA motion was timely filed: (1) "the subpoena of February 9, 2018," and (2) "the Motion to Compel and [for] Sanctions filed on April 5, 2018." But even if Wetmore had raised these two "legal action[s]" in his TCPA motion, he would not succeed in meeting his burden under the TCPA.

Regarding the subpoena, a subpoena in this context does not meet the definition of "legal action." Although the TCPA broadly defines "legal action," *id.* § 27.001(6), a subpoena neither constitutes one of the specified forms nor falls within the "catch-all" portion of "other judicial pleading or filing" of the definition. *See Paulsen v. Yarrell*, 537 S.W.3d 224, 233 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (describing provision that "any other judicial pleading or filing that requests legal or equitable relief" as "catch-all" provision). A subpoena is not a filing or pleading, but an issuance. *See generally* Tex. R. Civ. P. 176.1–.8; *see also id.* R. 176.1 (describing subpoena as "issued"), .4 (providing who may issue subpoena); *Dow Jones & Co. v. Highland Capital Mgmt., L.P.*, 564 S.W.3d 852, 856 (Tex. App.—Dallas 2018, pet. denied) (concluding subpoena is not "legal action" because "a subpoena is not a 'filing,'" "[i]t is an issuance"). Wetmore argues that under this Court's reasoning in *In re Elliott*—where we construed a rule 202 petition to take a presuit deposition to be a "legal action"—a postjudgment deposition

8

subpoena also should be considered a "legal action." 504 S.W.3d 455, 463–64 (Tex. App.—Austin 2016, orig. proceeding). But our analysis in *Elliott* rested on the fact that "Rule 202 requires a person seeking an order from the trial court for a presuit deposition to file a 'petition'" and that the definition of "legal action" for purposes of the TCPA expressly includes "petition." *Id.* at 464 (citing Tex. R. Civ. P. 202.1–.3; Tex. Civ. Prac. & Rem. Code § 27.001(6)). Here, on the other hand, Wetmore does not specify a filing, pleading, or petition associated with the subpoena that he identifies as the "legal action." We therefore do not consider the subpoena a "legal action" for purposes of our review.

The April 10, 2018 motion for sanctions does, however, fall within the catch-all provision of a "judicial pleading or filing that requests legal or equitable relief." *See Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226 (Tex. App.—Austin 2018, no pet.) (holding that motion for sanctions "falls within the statutory definition [of 'legal action'] as a 'judicial pleading or filing that requests legal or equitable relief'" (quoting Tex. Civ. Prac. & Rem. Code § 27.001(6))). And we assume for this analysis, but do not decide, that the motion to compel a postjudgment deposition in the motion to compel and for sanctions would also fall within the catch-all provision.

Having established the legal action at issue, we turn to whether Wetmore has shown "by preponderance of the evidence" that the legal action—i.e., the motion to compel and for sanctions—is "based on, relates to, or is in response to" his exercise of his TCPA Rights. Tex. Civ. Prac. & Rem. Code § 27.005(b). Because we consider the pleadings on file in determining whether a legal action should be dismissed, we consider first the stated basis for Bresnen's motion to compel and for sanctions. *See id.* § 27.006(a); *Hersh*, 526 S.W.3d at 468 (noting that basis of legal action

9

is determined by plaintiff's allegations). As expressed in the motion to compel and for sanctions, Bresnen sought an order compelling Wetmore "to provide answers to deposition questions regarding hundreds of thousands of dollars which he and the former C.E.O. of now-defunct 501(c) charitable organization [APF] transferred from [APF] to other entities they control" and "overruling [Wetmore's] pleas of attorney-client privilege." Bresnen also sought sanctions for Wetmore's "bad-faith refusals to answer questions in a deposition which he was under two court orders to attend" and "his use of an unlicensed attorney to represent him who repeatedly obstructed the deposition."

However, Wetmore's TCPA motion does not identify or explain how these legal actions were "based on, relate[d] to, or [] in response to" Wetmore's exercise of his TCPA Rights.[2] Nor does Wetmore argue on appeal that those communications at the deposition or his use of an "unlicensed attorney" constituted the exercise of his TCPA Rights. Because it is not clear from Bresnen's motion to compel and for sanctions that the legal action is covered by the TCPA, Wetmore needed to show more to meet his initial burden. *See Hersh*, 526 S.W.3d at 468. In his briefing before this Court, he focuses on alleged "past exercise of rights," asserting that:

---

[2] Wetmore's TCPA motion states that "[t]he pleadings on file show by a preponderance of the evidence that Plaintiff's claim is based on, relates to, and is in response to the [APF]'s exercise of the right of free speech." But it is Wetmore's, not APF's, TCPA Rights that are at issue here. Wetmore also claimed in his motion that "[Bresnen]'s repeated actions and statements evidence his intent to use litigation and the legal process to systemically violate [APF] and [Wetmore]'s rights to 1) free speech, 2) right to petition, 3) right of association." But this conclusory statement fails to explain how the specific legal action Wetmore is seeking to dismiss was "based on, relate[d] to, or [] in response to" Wetmore's exercise of his TCPA Rights.

[Bresnen] pursued such actions in retribution for past exercise of rights by [Wetmore] and his former employer (Defendant [APF]), to discourage [Wetmore]'s candidacy for elected office, to oppose any journalism or exercise of the first amendment by a select group of people including [Wetmore], and to discourage the future exercise of such rights. In his Response, [Bresnen] makes clear that he is seeking personal political retribution against [Wetmore] uniquely and separately from the Defendant [APF] in the original suit, and is using the discovery process for those ends. For these reasons and because post-judgment discovery and motions are "legal actions" under the TCPA, [Wetmore]'s appeal should be granted.

. . . .

In his Motion to Dismiss of April 10, 2018, [Wetmore] established that [Bresnen] sought to harass Appellant Wetmore, punish him for his past exercise of protected speech and efforts to engage in press activity and interact with State government, discourage Wetmore from the future exercise of his speech, and discourage Wetmore's participation as a political candidate.

We find these stated generalities insufficient to show "by preponderance of the evidence" that the legal action—i.e., the motion to compel and for sanctions—is "based on, relates to, or is in response to" Wetmore's exercise of his TCPA Rights. As defined by the TCPA, the exercise of the TCPA Rights must include "a communication," which is "the making or submitting of a statement or document." Tex. Civ. Prac. & Rem. Code § 27.001(1); *see id.* §§ 27.001(2)–(4). In neither his TCPA motion nor his briefing has Wetmore identified a "communication" he made that constitutes his "past exercise of rights" or "past exercise of protected speech" on which Bresnen is allegedly acting "in retribution," and our review of the record has not revealed such communications.[3]

---

[3] Wetmore repeatedly focuses on the fact that Bresnen's legal actions were allegedly "motivated by politics, bad faith and improper motives, ripe for a TCPA challenge" and that "[n]o *evidence has been presented that* [Bresnen] *had any motive other than to punish his political adversaries*." Although motivations may be relevant for the imposition of sanctions and costs, *see* Tex. Civ. Prac. & Rem. Code §§ 27.007(a), .009(a)(2), (b), the motivations for legal actions are irrelevant to whether the legal action should be dismissed, except insofar as they have bearing as to

11

In his reply brief, Wetmore cites as supporting evidence his "Motion to Quash [and the] Affidavits from Basel, Mills, Sharp."[4] The motion to quash, however, alleges "harass[ing]" behavior by Bresnen; it does not identify any exercise by Wetmore of his TCPA Rights. And the affidavits of Basel, Mills, and Sharp neither mention Wetmore nor show how the motion to compel and for sanctions is "based on, relates to, or is in response to" Wetmore's exercise of his TCPA Rights.

In sum, Bresnen's motion to compel and for sanctions—i.e., the "legal action" at issue—was based on Wetmore's refusal to provide answers to deposition questions regarding alleged transfer of funds from APF to other controlled entities and for using an "unlicensed attorney" who "repeatedly obstructed the deposition." Wetmore does not argue that the refusal to provide answers and his use of an attorney constitute the exercise of his TCPA Rights; instead, he alleges that the motion to compel and for sanctions are retributive legal actions based on past exercises of his TCPA Rights. But Wetmore fails to identify or produce evidence of any communications that constitute

whether "the legal action is based on, relates to, or is in response to the party's exercise of" the TCPA Rights, *see id.* § 27.005(b). It is this link that Wetmore has failed to show by a preponderance of evidence.

[4] Wetmore also references evidence outside of the record, e.g., by attaching as exhibits Wetmore's entire April 3, 2018 deposition transcript and an "Email From Blogger About Press Release." But because this evidence was not included in the record, we will not consider it in our review. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("With limited exceptions . . ., an appellate court may not consider matters outside the appellate record. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered." (citing *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.))); *Dominguez v. Gilbert*, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.) ("We must determine a case on the record as filed. . . . The appellant usually bears the burden of presenting a trial court record that is sufficient to show reversible error.").

his exercise of the TCPA Rights upon which Bresnen's legal action is "based on, relates to, or is in response to." *See id.* § 27.005(b). Accordingly, we conclude that on this record Wetmore failed to demonstrate by a preponderance of the evidence that Bresnen's motion to compel and for sanctions was "based on, relate[d] to, or [were] in response to" Wetmore's exercise of his TCPA Rights and, thus, the trial court did not err in denying Wetmore's motion to dismiss.[5] *See Wayne Dolcefino & Dolcefino Commc'ns, LLC v. Cypress Creek EMS*, 540 S.W.3d 194, 202 (Tex. App.—Houston [1st Dist.] 2017, no pet.). We therefore overrule Wetmore's first issue.[6]

## B. Jurisdictional Issues

Wetmore's second through fourth issues are essentially a collateral attack by a nonparty on the January 2017 final judgment awarding Bresnen a writ of mandamus. In his TCPA motion to dismiss, Wetmore argued that the trial court was "act[ing] *beyond all subject matter jurisdiction.*" In his brief before this Court, Wetmore described the underlying suit as based on

---

[5] Although the trial court's order was titled "Order Sustaining Plaintiff's Amended Special Exceptions to Benjamin Wetmore's Motion to Dismiss," it expressly denies Wetmore's motion to dismiss. And it is the function of the order, not the title, that determines its classification. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (rejecting formalistic approach to whether order is reviewable); *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992) ("We reject the notion that . . . matters of form control the nature of the order itself—it is the character and function of an order that determines its classification.").

[6] In his reply brief before this Court, Wetmore also argues that "[a]t the hearing in question where Appellant was unable to attend the repeatedly-rescheduled hearing, the only noticed issue was to hear the Special Exceptions, not to hear the motion on its merits or any other motion. *The trial court never had an opportunity to hear Appellant's motion on its merits*[.]" But Wetmore did not raise this issue to the trial court or in his opening brief before this Court and accordingly has waived any complaint regarding the sufficiency of the hearing. *See* Tex. R. App. P. 38.3 ("The appellant may file a reply brief addressing any matter in the appellee's brief."); *McFadden v. Olesky*, 517 S.W.3d 287, 293 n.3 (Tex. App.—Austin 2017, pet. denied) ("Ordinarily, an argument asserted for the first time in a reply brief is waived and need not be considered by an appellate court.").

13

"causes of action that are entirely unsupported by law, where Plaintiffs lack standing and capacity" and complained that Bresnen "never had standing in the first place, never had capacity, and the underlying case should have been disposed of at several points." As relief for these jurisdictional issues, Wetmore asks this Court to "enter an order dismissing the case" and "invalidating all legal actions in the case." Wetmore is effectively arguing that the final judgment was improper for jurisdictional reasons, and as such there was no jurisdiction for the trial court to permit discovery conducted to aid in the enforcement of the judgment or to exercise its inherent power to enforce its judgment through orders to compel postjudgment discovery and for sanctions.

A collateral attack is "an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose." *Ramsey v. Ramsey*, 19 S.W.3d 548, 552 (Tex. App.—Austin 2000, no pet.). A litigant may not attack a voidable judgment collaterally, but it may collaterally attack a void judgment at any time. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271–72 (Tex. 2012). A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Id.* at 272 (quoting *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)).

"A person who is not a party to a judgment may collaterally attack the judgment only if his interests were affected by the judgment." *Grynberg v. Christiansen*, 727 S.W.2d 665, 666 (Tex. App.—Dallas 1987, no writ); *see Kingman Holdings, LLC v. Mortgage Elec. Registration Sys., Inc.*, No. 05-15-01353-CV, 2016 WL 8115937, at *5 (Tex. App.—Dallas Oct. 27, 2016, no pet.) (mem. op.) ("A nonparty can collaterally attack an existing judgment if the judgment directly and necessarily affects the nonparty's rights."). But an "interest in avoiding the inconvenience of

14

attending oral depositions and producing documents" is insufficient to collaterally attack the judgment; otherwise, "every witness who was inconvenienced by an order to attend an oral deposition would have standing to collaterally attack the judgment to which the oral deposition relates." *Grynberg*, 727 S.W.2d at 667; *see Gonzalez v. De Leon*, No. 04-14-00751-CV, 2015 WL 5037396, at *7 (Tex. App.—San Antonio Aug. 26, 2015, pet. dism'd) (mem. op.) ("Texas appellate courts have recognized, however, that persons ordered in a judgment to produce documents are not necessarily parties with standing to collaterally attack that judgment." (citing *Grynberg*, 727 S.W.2d at 666–67)).

Here, by attacking the validity of the final judgment in the underlying suit on jurisdictional grounds, Wetmore is attempting to avoid the effect of the judgment—i.e., the trial court's postjudgment supervision of nonparty discovery conducted to aid in the enforcement of the judgment and the exercise of its inherent power in enforcing its judgment. *See, e.g.*, *Custom Corps. v. Security Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (noting that trial court may supervise postjudgment discovery conducted to aid in enforcement of judgment and has inherent power to enforce its judgment (citing Tex. R. Civ. P. 308, 621a; *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982))). But Wetmore has not asserted a sufficient interest affected by the final judgment that issued a writ of mandamus directing Basel, as APF's custodian of records, to produce to Bresnen certain "records, books, and reports" of APF. Accordingly,

Wetmore may not collaterally attack the final judgment, and we overrule Wetmore's second through fourth issues.[7] *See Grynberg*, 727 S.W.2d at 666–67.

## C. Constitutional and Preemption Issues

In his fifth through seventh issues, Wetmore raises constitutional and preemption challenges to the Texas Business Organization statutes on which Bresnen relied in his underlying suit against APF. However, Wetmore neither raised these challenge in his TCPA motion nor obtained a ruling from the trial court on these issues for purposes of this interlocutory appeal and therefore did not preserve error.[8] *See* Tex. R. App. P. 33.1(a); *see also Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (applying error preservation requirement to constitutional challenge)*; Glazer's Wholesale Distribs., Inc. v. Heineken USA, Inc.*, 95 S.W.3d 286, 307 (Tex. App.—Dallas 2001, pet. granted, judgm't vacated w.r.m.) (applying error preservation requirement to preemption challenge). Nor does Wetmore explain how these issues would be properly raised in

---

[7] In his third issue, Wetmore argues that "[t]he underlying suit is moot and lacks a justiciable controversy. The only parties in the case share an identity of interest and are actively working in concert with one another." To the extent that Wetmore is not collaterally attacking the final judgment in this issue, but instead arguing that the underlying suit has became moot after judgment, we would note that there is no pending appeal from the final judgment. And Wetmore does not cite any authority requiring parties to be adverse following a judgment with no pending appeal for the trial court to supervise nonparty discovery conducted to aid in the enforcement of the judgment and to exercise its inherent power in enforcing its judgment.

[8] In his TCPA motion, Wetmore did not mention preemption and only briefly mentioned the Constitution once by stating that "[a]ctions, heretofore, have demonstrated [Bresnen]'s intention to violate Mr. Wetmore's 1st, 4th, 5th, and 14th Amendment Rights under the Constitution," but did not specifically raise a constitutional challenge. On appeal, Wetmore addressed his constitutional challenges to section 22.353 of the Texas Business Organization Code and Bresnen's reliance on this provision in bringing his underlying suit against APF, not to Bresnen's discovery requests from the nonparty Wetmore based on the trial court's authority to supervise discovery conducted to aid in the enforcement of the judgment.

16

an interlocutory appeal from the trial court's order denying his TCPA motion even if he had preserved error. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing appeal from interlocutory order denying motion to dismiss filed under section 27.003). We therefore overrule Wetmore's fifth through seventh issues.

## IV. CONCLUSION

Having overruled all of Wetmore's issues, we affirm the trial court's order denying his TCPA motion to dismiss.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Affirmed

Filed:   December 18, 2019